**O**
**JS-6**

# United States District Court
# Central District of California

SHARON MANIER; DOROTHY RILES;

Plaintiffs,

v.

L'OREAL USA, INC; SOFT SHEEN-CARSON, LLC,

Defendants,

Case No. 2:16-CV-06886-ODW-KS

**ORDER GRANTING MOTION TO INTERVENE AND TO TRANSFER THE ACTION PURSUANT TO THE FIRST-TO-FILE RULE [30]**

## I.    INTRODUCTION

Plaintiffs Sharon Manier and Dorothy Riles filed this action on September 14, 2016, bringing claims pursuant to California's Consumer Legal Remedies Act, California's False Advertising Law, California's Unfair Competition Law, Illinois's Consumer Fraud and Deceptive Business Practices Act, Breach of Express Warranty, Breach of Implied Warranty and Merchantability, Unjust Enrichment, Fraud, and Negligence.  (Compl., ECF No. 1.)  On October 12, 2016, proposed Intervenors Tiffany Raines, Sandi Turnipseed, and Terri Oravillo filed a motion to intervene and to dismiss or, in the alternative, to stay or transfer the action pursuant to the first-to-file rule.  (ECF No. 30.)  For the reasons discussed below, the Court **GRANTS** proposed Intervenors' motion to intervene and to transfer the action.

/ / /

## II.   FACTUAL BACKGROUND

Plaintiffs Manier and Riles's case ("the *Manier* action") is a putative class action alleging that Defendants' product, the SoftSheen Carson Optimum Amla Legend No-Mix, No-Lye Relaxer ("the Amla product"), is defective and causes injuries including hair loss, scalp irritation, blisters, and burns.  (Compl. ¶¶ 1, 4.)  Plaintiffs allege that the product is advertised as containing Amla Oil as an active ingredient, but that in reality, it contains "hardly any" Amla Oil and actually consists of a "dangerous mix of irritants and potentially toxic substances." (*Id.* ¶ 5.)  Plaintiffs' claims are based on their allegations of injury and misleading advertisements and information regarding the product.  (*See generally id.*)

Proposed Intervenors Raines, Turnipseed, and Oravillo are named plaintiffs in a Southern District of New York putative class action styled as *Jacobs, Raines and Turnipseed v. L'Oreal USA, Inc. and Soft Sheen-Carson, LLC*, Case No. 1:16-6593 (S.D.N.Y. 2016) ("the *Jacobs* action").  The proposed Intervenors filed the *Jacobs* action on August 19, 2016.  (*See Jacobs* Compl., Ex. A, ECF No. 30-2.)  In their complaint, they allege that the Amla product is defective and causes significant hair loss and scalp irritation.  (*Id.* ¶¶ 1–4.)  The *Jacobs* action asserts several of the same causes of action as the *Manier* action in addition to causes of action under New York, Florida, and Kentucky law.  (*See generally id.*)

Based on the fact that their action is highly similar to the *Manier* action and was first filed, the proposed Intervenors ask the Court to dismiss, stay, or transfer this case pursuant to the first-to-file rule.  (Mot. 1.)

## III.   LEGAL STANDARD

The proposed Intervenors' motion requires a two-step approach: first, the Court must determine whether intervention is appropriate, and second, it must decide whether or not to dismiss, stay, or transfer the case pursuant to the first-to-file rule.

/ / /

/ / /

**A.     Permissive Intervention**

Federal Rule of Civil Procedure 24(b) allows permissive intervention where the motion is timely and either (1) the intervenor is given a conditional right to intervene by a federal statute; or (2) the intervenor has a claim or defense in common with the main action.   In addition, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.   Fed. R. Civ. P. 24(b).

**B.     First-to-File Rule**

The Ninth Circuit recognizes a doctrine of federal comity allowing a district court to decline jurisdiction over an action where a parallel action involving the same parties and issues has already been filed in another district.   *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *see also Church of Scientology of Cal. v. United States Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1979).   The purpose of this rule is to further judicial economy.   *See Pacesetter Sys.*, 678 F.2d at 95. However, the first-to-file rule should be applied with "an ample degree of discretion." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952).

Courts analyze three factors in determining whether to apply the first-to-file rule: "(1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues."   *Koehler v. Pepperidge Farm, Inc.*, No. 13-cv-02644-YGR, 2013 WL 4806895, at \*2 (N.D. Cal. Sept. 9, 2013).   Exceptions to the first-to-file rule are recognized for instances of bad faith, anticipatory suits, and forum shopping.   *Id.*

## IV.     DISCUSSION

The Court first assesses whether intervention is appropriate in this action before turning to the motion to dismiss, stay, or transfer.

**A.     Intervention**

In assessing whether a motion to intervene is timely, a court should consider the stage of the proceedings, the prejudice to existing parties, and the length of and reason for any delay.   *League of United Latin Am. Citizens v. Wilson*, 131 F.2d 1297, 1308

(9th Cir. 1997).  When the intervention sought is permissive, timeliness should be analyzed strictly.  *Id.*  Here, the proposed Intervenors filed their motion to intervene less than one month after Manier and Riles filed their complaint.  (*Compare* ECF No. 1, *with* ECF No. 30.)  During the time between the filing of the complaint and the filing of the motion to intervene, no dispositive motions were filed, and the case did not progress in any significant way.  As such, the timing of the motion to intervene presents minimal, if any, prejudice to the parties, and the delay in filing is not significant.  The Court therefore finds that the timeliness requirement of Rule 24(b) is met.

Next, the proposed Intervenors have not suggested that they have been given a conditional right to intervene by a federal statute, so at issue is whether the proposed Intervenors have a claim or defense in common with the main action.  *See* Fed. R. Civ. P. 24(b).  The proposed Intervenors' complaint alleges the same Defendants and the same allegedly defective product as the complaint in this case.  (*Compare Jacobs* Compl., *with* Compl.)  The allegations contain the same substance.  (*See id.*)  In comparing the two complaints, the Court finds that the proposed Intervenors have claims in common with the *Jacobs* action.

Finally, the Court considers whether allowing permissive intervention would unduly delay or prejudice the adjudication of the original parties' rights.  *See* Fed. R. Civ. P. 24(b).  On this point, Plaintiffs Manier and Riles argue that allowing the proposed Intervenors to intervene and move to dismiss Plaintiffs' case could result in prejudice to Plaintiffs' claims.  (Opp'n 5–6, ECF No. 35.)  Plaintiffs note that the class in the *Jacobs* action has not been certified and that no determination has been made that the proposed Intervenors' counsel is best suited to represent the interests of the putative class.  (*Id.*)  Nonetheless, Plaintiffs have not demonstrated that allowing intervention – not necessarily *dismissal* of the action – would impose undue delay or prejudice their rights in the case.  The proposed Intervenors' complaint in the *Jacobs* action alleges the same defects with the same product against the same Defendant as

the complaint in this case.  (*Compare Jacobs* Compl., *with* Compl.)  And, the *Jacobs* action asserts those allegations on behalf of the same putative nationwide class as the *Manier* action.  (*Id.*)  Because of this high level of similarity, there is nothing to suggest that the *Manier* action would be certified while the *Jacobs* action would not. In addition, the argument that counsel in the *Jacobs* action could be inadequate is premature and would be better suited for argument in a motion for appointment of interim class counsel in *Jacobs*.  The likelihood of undue delay and/or prejudice to the Plaintiffs in this action is small enough that it does not outweigh the existence of other factors supporting intervention.

Thus, the Court finds that the Rule 24(b) requirements are met and permits intervention for the limited purpose of filing this motion to dismiss, stay, or transfer the action pursuant to the first-to-file rule.

**B.    Motion to Dismiss, Stay, or Transfer**

The first factor in the first-to-file rule analysis—chronology of the actions—is straightforward.  A court need only find that the action in the would-be transferee district court was filed prior to the action in the would-be transferor district court.  *See Koehler*, 2013 WL 4806895, at *3.  Here, this is satisfied, because the *Jacobs* action was filed on August 19, 2016, and the *Manier* action was filed on September 14, 2016. (*Compare Jacobs* Compl., *with* Compl.)

Second, the Court turns to the similarity of the parties in the two actions.  The Defendants in both are identical.  (*Id.*)  As for the similarity of the plaintiffs in the two actions, the proposed Intervenors argue that the *Manier* plaintiffs are "absent putative class members" in the *Jacobs* action, meaning that Plaintiffs in this case could join in the *Jacobs* action.  (Mot. 8.)  Courts have held that the similarity standard for the parties is "[not] strict identity of the parties, but rather substantial similarity." *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010).  In a class action, the similarity of the classes, and not the class representatives, is assessed.  *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citing Cal.

Jur.3d Actions § 284).  Where the proposed classes in both actions overlap, courts have held that the parties are substantially similar.  *See Adoma*, 711 F. Supp. 2d at 1148.  Here, both actions seek to represent a nationwide class of consumers that have purchased the Amla product.  (*Compare Jacobs* Compl., *with* Compl.)  As such, the similarity of the parties requirement is met.

Third, the similarity of the issues requirement is also present here.  As discussed in the context of intervention, the two actions contain highly similar allegations regarding the Amla product against identical defendants.  Therefore, the proposed Intervenors have demonstrated the existence of all three requirements for application of the first-to-file rule.

Finally, there is no evidence that any of the exceptions to the first-to-file rule (bad faith, anticipatory suits, or forum shopping) are present here.  The Court in its discretion determines that the first-to-file rule should apply to dismiss, stay, or transfer this case.

The Court concludes that transfer to the Southern District of New York is most appropriate and will serve the purpose of the first-to-file rule in promoting judicial efficiency.  As in other actions where courts decided to transfer rather than dismiss, the two cases here follow a similar timeline, have similar class periods, and can share in discovery and other management in order to conserve judicial resources.  *See, e.g.*, *Koehler*, 2013 WL 4806895, at \*6.  Plaintiffs Manier and Riles express some concern that their California claims will not be represented or preserved in the Southern District of New York (Opp'n 9, 11), but they do not articulate any reason why the New York district court could not apply California law and address the various issues in the transferred action.  Transfer of this case is appropriate based on the first-to-file factors and promotes the policy considerations underlying the rule.

## V.     CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** proposed Intervenors Raines, Turnipseed, and Oravillo's motion to intervene and to transfer the

6

action to the Southern District of New York pursuant to the first-to-file rule. Defendants' pending motion for judgment on the pleadings (ECF No. 43) is **DENIED AS MOOT** without prejudice.  The Clerk of Court shall transfer this action to the Southern District of New York and close the case.

**IT IS SO ORDERED.**

January 4, 2017

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**